UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARTURO ROJAS HERNANDEZ,

    Plaintiff,

v.

SOUTHWEST CREDIT SYSTEMS, L.P.,

    Defendant.

Case No. 1:21-cv-00019

## COMPLAINT

**NOW COMES** Plaintiff, ARTURO ROJAS HERNANDEZ, through undersigned counsel, complaining of Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. ARTURO ROJAS HERNANDEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 172 Lakeside Drive, Unit 1928, Saint Charles, Illinois 60174.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. SOUTHWEST CREDIT SYSTEMS, L.P. ("Defendant") is a limited partnership organized and existing under the laws of the state of Texas.

7. Defendant has its principal place of business at 4121 International Parkway, Suite 1100, Carrollton, Texas 75007.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff obtained wireless telecommunications services through T-Mobile.

11. As result of financial hardship, Plaintiff's $499.77 account balance went unsettled.

12. Plaintiff's $499.77 T-Mobile balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. On December 31, 2019, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.[2]

14. The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, garnish wages,

---

[1] Southwest Credit is a leading national provider of accounts receivable management and consumer service solutions. We have more than 45 years of experience connecting with consumers to resolve delinquent debts. https://www.swcconsumer.com/about.html (last accessed January 4, 2021).

[2] Ch-7 JSB 19-36575 Arturo Rojas

2

assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtor by mail, phone, or otherwise.

15. Thereafter, Plaintiff's $499.77 account balance was referred for collection.

16. Defendant mailed Plaintiff a letter, dated February 12, 2020 (the "Letter"), which stated:

| | |
|---|---|
| February 12, 2020 | **Account Summary** |
| | **Creditor** |
| | T-MOBILE |
| Dear ARTURO ROJAS | **Creditor Account No.** |
| | 957534059 |
| Your account has been assigned to this office for collection. T-MOBILE has placed your account with a balance of $499.77. | **Southwest Reference No.** |
| | 79655461 |
| Our client has advised us that they are willing to resolve your account in full for 52% of the total balance due. If you are unable to take advantage of this offer, please contact us to see what other terms can be worked out to resolve your account. We are not obligated to renew this offer. | **Principal** |
| | $499.77 |
| | **Total Amount Due** |
| | **> $499.77 <** |
| | **Offered Amount** |
| | $259.58 |
| **Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.** | |
| Check or Credit Card payments can be made 24-hours a day through our secure website at www.swcpayonline.com | |
| M. Sasser<br>Southwest Credit Systems, L.P. | |

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## DAMAGES

18. The automatic stay is *one of the fundamental debtor protections provided by the bankruptcy laws*. It gives the debtor a breathing spell from her creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove them into bankruptcy.

19. Without question, Defendant's unlawful conduct deprived Plaintiff of one of his fundamental rights and led Plaintiff to believe his bankruptcy was for naught, causing anxiety, concern, and emotional distress.

20. The harm to Plaintiff is obvious – denying Plaintiff the ability for new beginnings—without feeling harassed.

21. Concerned with having had his rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

22. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

23. Section 1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (2) The false representation of –

        (A) the character, amount, or legal status of any debt.

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

24. The Letter asserted that Plaintiff's $499.77 balance with T-Mobile was due and demanded that Plaintiff pay the debt.

25.     But at the time the Letter was sent, Plaintiff's $499.77 balance with T-Mobile was not due and was not immediately collectible due to the automatic stay.

26.     It seems clear, then, that the Letter misrepresented the legal status of Plaintiff's $499.77 balance with T-Mobile, and used false representation(s) to collect or attempt to collect Plaintiff's debt in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not.")

## Violation of 15 U.S.C. § 1692f

27.     Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

28.     The filing of a bankruptcy petition automatically stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6).

29.     Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's $499.77 balance with T-Mobile) not permitted by 11 U.S.C. § 362(a)(6).

30.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1)     any actual damage sustained by such person as a result of such failure;

(2)
       (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B.     award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C.     award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.     award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 4, 2021                               Respectfully submitted,

**ARTURO ROJAS HERNANDEZ**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com